## RABINOVITZ v. MONG & SON.

No. 1785.   Opinion Filed April 9, 1912.

(122 Pac. 1101.)

APPEAL AND ERROR—Review—Findings of Referee.   The record in this case contains the petition, the findings of fact of the referee, and his conclusions of law.   There was no motion for a new trial. The evidence is not included in the case-made.   It is held that, in the light of the allegations of the petition and the findings of fact thereunder, the conclusion of law reached by the referee is fully sustained by the law.

(Syllabus by Robertson, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by Mong & Son against B. Rabinovitz.   Judgment for plaintiffs, and defendant brings error.   Affirmed.

*Hulette F. Aby* and *William F. Tucker,* for plaintiff in error.

*Frank Duncan,* for defendants in error.

Opinion by ROBERTSON, C.   But one question is presented for review by the record in this case, *i. e.,* the finding of fact of the referee does not sustain or justify the conclusion of

law that plaintiff in error is indebted to defendants in error, on count No. 2 of plaintiffs' petition, in the sum of $300, or any other sum.

This action was based upon an oral contract, whereby defendants in error agreed to drill for plaintiff in error certain oil wells on a tract of land known as the Katie Webber lease. It is urged in count 2 of the petition, among other things, that defendants in error were not permitted to enter upon the said tract of land on account of a dispute between third parties and plaintiff in error as to the latter's right to go upon said lease for such purpose; that J. D. Mong, one of the defendants in error, "acting under instructions which he, the said J. D. Mong, received from the said defendant, moved his tools and machinery from said lease or ground to an adjoining piece of ground, and was then and there ordered by said defendant to await his instructions and orders and hold himself in readiness to go upon the said Katie Webber lease as soon as he, the said defendant, could make arrangements so to do; that on or about the 25th day of July, 1907, defendant ordered plaintiffs, by oral instruction to J. D. Mong, a member of said plaintiff partnership, above named, to again move his tools and machinery on the lease or piece of ground known as the Katie Webber lease, as above mentioned, and to proceed with said oil well drilling, as per oral contract entered into by and between said plaintiffs and said defendant, as set out in count one of this petition; that said plaintiffs, by reason of defendant's failure to place plaintiffs in peaceable possession of the said Katie Webber lease, or piece of ground aforesaid, where oil wells were to be drilled, at the time defendant ordered plaintiffs to move their tools and machinery to said lease and commence drilling said wells, to wit, between June 1, 1907, and June 20, 1907, and during said time that said plaintiffs, under instructions from said defendant, were holding themselves in readiness to go upon said Katie Webber lease, where said oil wells were to be drilled, *the said plaintiffs remained idle and unable to work* between the 20th day of June, 1907, and the 25th day of July, 1907, inclusive, a period of thirty-five

(35) days, and the said plaintiffs were damaged by reason thereof in the loss of time and use of machinery in the sum of three hundred and fifty ($350.00) dollars; that the reasonable value of plaintiffs' time and use of machinery for said thirty-five (35) days was ten ($10.00) dollars per day, or three hundred and fifty ($350.00) dollars."

The finding of fact by the referee on this count is as follows:

"I find that the defendant ordered and directed the plaintiffs to take their oil well drilling machinery and proceed upon and commence drilling on property known as the Katie Webber lease; that, pursuant to such instructions, the plaintiffs moved their machinery to a place immediately adjacent the place on said lease at which defendant desired a well drilled. I find that plaintiffs were, through no fault of their own, prevented from going upon said lease until the 25th day of July, 1907. I find that the defendant instructed the plaintiffs to hold themselves in readiness to move on said lease, and that, pursuant to defendant's request, plaintiffs held themselves and machine in readiness to move on said lease for a period of 30 days from June 25 to July 25, 1907. I find that the reasonable value of that service was $10 per day."

The conclusion of law reached by the referee under this finding of fact is as follows:

"Count No. 2. That under the provisions of count No. 2, the defendant is indebted to the plaintiffs in the sum of $300."

To this report of the referee, plaintiff in error filed exceptions on December 22, 1909, which were overruled by the court and judgment entered in accordance with the recommendation of the referee. No motion for a new trial was made. The case-made does not contain the evidence, and we must conclude that there was at least an implied contract between the parties, made subsequent to and wholly independent of the original contract, whereby the defendants in error were to be compensated for loss of time, as set out in count 2 of the petition, and as found by the referee in his report, hereinbefore alluded to. These findings of fact by the referee are conclusive on us, in the absence of motion for a new trial and our inability to examine the testi-

mony, which is wholly omitted from the case-made; and such being the case it necessarily follows that his conclusion of law is correct, and the judgment of the district court of Tulsa county should be affirmed.

By the Court: It is so ordered.